# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KATIE MCDONOUGH, Ph.D.,

    Plaintiff,

vs.                                                       No. CIV 99-0126 JC/WWD

NEW MEXICO HIGHLANDS UNIVERSITY,
et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Motion for Preliminary and Permanent Injunction, filed June 15, 1999 *(Doc. 27)*. The Court having reviewed the Motion for Preliminary and Permanent Injunction, the memoranda submitted by the parties, and the relevant authorities, finds that the aforesaid motion is not well taken and will be denied.

Plaintiff moves for an order declaring that NMSA 1978 § 61-31-6(B)(5) (1996) of the New Mexico Social Work Practice Act cannot prohibit her from teaching social work classes at New Mexico Highlands University and that § 61-31-6(B)(5) is unconstitutional as applied to her. Plaintiff also seeks to enjoin Defendants New Mexico Highlands University, Selimo Rael, Glen W. Davidson, Ph.D., and Alfredo A. Garcia, Ph.D. (NMHU Defendants) to issue her a contract without limitations as an associate professor of social work in the School of Social Work for the 1999-2000 academic year and assign Plaintiff to teach social work classes for the 1999-2000 academic year.

A.  **Background**

Section 61-31-6(B)(5), as amended in 1996, defines an area of specialized social work practice requiring licensure as

> university social work faculty, which provides an equal quality of social work education in identified areas of content; prepares graduates to practice in a range of geographic areas with diverse populations; and establishes the foundation for practitioners' professional futures, exposing them to the best of current knowledge and developing in them the ability to continue questioning and learning, as well as an awareness of their responsibility to continue this professional development.

Plaintiff, a tenured professor of social work at New Mexico Highlands University, is not a licensed social worker. Moreover, Plaintiff is not eligible for licensure in New Mexico because she does not have a master's degree in social work (MSW) although she does have a Ph.D. in social work. Plaintiff has taught mostly advance graduate level research and policy classes at New Mexico Highlands University, not field and practice courses. Her student ratings and evaluations from peers and the administration have been both high and excellent.

In January 1997, the New Mexico Board of Social Work Examiners (Board) issued cease-and-desist letters to all faculty members at the New Mexico Highlands University's School of Social Work who did not hold New Mexico licenses to practice social work. In response to the cease-and-desist letters, the NMHU Defendants instructed the School of Social Work faculty to continue teaching their classes. The School of Social Work later met with the Board to communicate their position that only Social Work faculty who taught field and practice courses should be licensed. In February 1997, the Board decided that pending a formal hearing to promulgate a regulation on the issue, anyone with an MSW teaching social work courses must be licensed as a social worker and

anyone without an MSW teaching social work courses cannot teach field and practice courses. Plaintiff continued to teach research and policy classes that year without any further problems.

In January 1998, the Board issued Plaintiff another cease-and-desist letter for being an unlicensed School of Social Work faculty member and threatened criminal prosecution. A week or so later, however, Plaintiff was informed by the Board's legal counsel, Assistant Attorney General Sondra Frank, that the Board would not act on the cease-and desist letters until it had "formalize[d] their interpretation of the Social Work Act by defining who within a university social work department must be licensed . . . through a promulgated Board rule." Exhibit F (attached to Mem. in Supp. of Pl.'s Mot. for Prelim. and Permanent Inj. (Memo), filed June 15, 1999).

In June 1998, the NMHU Defendants did not process Plaintiff's faculty contract for the 1998-99 academic year because the Board was going to meet that month to address the issue of licensure of social work faculty. The Board, however, did not at that time promulgate any rules on the issue of licensing social work faculty. In August 1998, Plaintiff signed a contract with the NMHU Defendants for the 1998-99 academic year. That contract did not assign Plaintiff any teaching responsibilities at the School of Social Work. In fact, Plaintiff was forced to take a sabbatical in the spring semester.

In November 1998, Judge Art Encinias issued an Order Denying Petition (Order) in state district court which stated that "[s]ection 61-31-6(B)(5) requires university social work faculty to be licensed," and the Board "is not required to interpret the aforementioned statutory provision through any administrative rule or policy." Exhibit A (attached to Def. New Mexico Highlands University, Selimo Rael, Glen W. Davidson, Ph.D. and Alfredo A. Garcia Ph.D.'s Resp. to Pl.'s Mot. for Prelim. and Permanent Inj. (NMHU Defendants' Response), filed July 20, 1999). Although the state court

action did not involve Plaintiff, it is the only known state interpretation of § 61-31-6(B)(5). Also, the Board relied on Judge Encinias' Order later that month to inform Defendant Dr. Garcia "that the current Social Work Practice Act states that all Social Work faculty members must be licensed." Exhibit B (attached to NMHU Defendants' Response). Sondra Frank in a December 1998 letter to Dr. Garcia reiterated that "the Board will enforce the Act against **any** unlicenced individual who is teaching in a social work department as the Act requires. . . . Any individual who is unlicensed and a social work faculty member is subject to action by the Board. In order to ensure that all faculty are aware of this, we will wait until the conclusion of the rule hearing to enforce this provision so that no further confusion will occur." *Id.* In June 1999, Defendant Dr. Davidson testified at his deposition that he was going to recommend to the Board of Regents that the Plaintiff be terminated from her employment because she has not met the Social Work Practice Act requirement of licensure. Exhibit L (attached to Memo).

Plaintiff's First Amended Complaint Under 42 U.S.C. Section 1983, filed June 11, 1999, raises four counts. Count I is a First Amendment claim of retaliation and is not the subject of this motion for preliminary and permanent injunction. Count II alleges a Fourteenth Amendment equal protection violation. Plaintiff asserts in Count II that the NMHU Defendants allowed unlicenced social work faculty to teach while they did not permit her to do likewise. Count III is a Fourteenth Amendment procedural due process claim wherein Plaintiff contends that the NMHU Defendants deprived her of the property interest in her tenured position without due process of law. Count IV is a declaratory judgment claim based on Plaintiff's assertions that the Social Work Practice Act does not prohibit her from teaching research and policy courses, and the application of the Social Work Practice Act as applied to her is unconstitutional.

**B.      Discussion**

To succeed on a motion for preliminary injunction, Plaintiff must establish that (1) she will suffer irreparable injury unless the injunction issues; (2) that the injury to the movant outweighs any damage the proposed injunction would cause Defendants; (3) that the injunction would not be adverse to the public interest; and (4) that there is a substantial likelihood that Plaintiff will succeed on the merits.  *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir.), *cert. denied*, 516 U.S. 974 (1995) (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)).  In order for the Court to grant a permanent injunction, Plaintiff must satisfy the standards for a preliminary injunction, except that she must show actual success on the merits rather than just a likelihood of success on the merits.  *Amoco Prod. Co. v. Village of Gambell*, *AK,*  480 U.S. 531, 546 n.12 (1987).

To obtain injunctive relief, Plaintiff must demonstrate that she will suffer an irreparable injury if no injunction is issued.  In this case, Plaintiff fears that without an injunction her employment as a tenured associate professor of social work will be terminated because she is not a licensed social worker.  The evidence indicates that Defendant Dr. Davidson will recommend to the Board of Regents that Plaintiff be terminated from her employment because she has not met the licensure requirement of the Social Work Practice Act.  If terminated, Plaintiff could not without a license teach classes in the field of social work in the State of New Mexico.[1]

A preliminary injunction usually will be denied if it appears that the applicant has an adequate alternate legal remedy in the form of money damages or other relief.  *See Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986); *Beacon*

---

[1] It would take Plaintiff about two years to obtain an MSW and so become eligible for licensure in New Mexico.

*Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959). Courts have been reluctant to grant injunctive relief in situations where an employee is going to be terminated because of lack of irreparable harm and the availability of adequate legal remedies. *See, e.g., Ciechon v. City of Chicago*, 634 F.2d 1055 (7th Cir.1980) (employees asked the court to enjoin the city and its agents from imposing suspensions prior to a full hearing); *Morgan v. Fletcher*, 518 F.2d 236 (5th Cir.), *rehr'g denied*, 522 F.2d 1280 (5th Cir. 1975) (employee asked the court to prohibit her removal until she was granted a full administrative hearing). In analyzing whether a currently employed employee can obtain injunctive relief, the courts in *Ciechon* and *Morgan* reiterated the holding in *Sampson v. Murray*, 415 U.S. 61 (1974), a case involving a terminated employee seeking to enjoin an employer to reinstate the employee. 634 F.2d at 1058; 518 F.2d at 239. The Supreme Court in *Sampson* held that since a temporary loss of income can ultimately be recovered, one cannot argue that a loss of income constitutes irreparable injury. 415 U.S. at 90. As stated in *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958) (quoted in *Sampson*, 415 U.S. at 90; *Ciechon*, 634 F.2d at 1058; and *Morgan*, 518 F.2d at 240):

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Moreover, "[t]he time and expense entailed in pursuing one's administrative remedies does not necessarily render those remedies inadequate or constitute irreparable injury justifying injunctive relied." *Kaufman v. Board of Trustees, Community College Dist. No. 508*, 522 F. Supp. 90, 105 (N.D. Ill. 1981) (citing *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 22 (1974)).

The *Sampson* Court, however, also "recognized that there could be cases which were such a substantial departure from normal situations that a district court would be justified in finding irreparable injury and granting injunctive relief." *Morgan*, 518 F.2d at 239 (citing and quoting *Sampson*, 415 U.S. at 92 n.68). In *Williams v. State Univ. of New York*, 635 F. Supp. 1243, 1248 (E.D.N.Y.1986), the court, after examining a number of cases in this area, suggested several factors that might constitute such "extraordinary circumstances":

> (1) plaintiff has very little chance of securing further employment; (2) plaintiff has no personal or family resources; (3) plaintiff lacks unemployment insurance; (4) plaintiff is unable to obtain a privately financed loan; (5) plaintiff is ineligible for any type of public support or relief; and (6) any other compelling circumstances which weigh heavily in favor of granting interim equitable relief.

The court in *Williams* concluded that "[i]n essence the plaintiff must quite literally find herself being forced into the streets or facing the spectre of bankruptcy before a court can enter a finding of irreparable harm." *See also Nelson v. Baldrige*, 578 F. Supp. 320, 323 (W.D. Mo.1984) (discharged federal employee's being unemployed, losing his apartment and automobile, living in cramped quarters in his mother-in-law's home, and having mental handicap did not constitute extraordinary circumstances).

Plaintiff in this instance fails to demonstrate that she would not be able to work as a professor and gain tenure outside of the State of New Mexico. Plaintiff also does not state why a remedy of back pay would be an insufficient legal remedy. Furthermore, Plaintiff does not point to any extraordinary situation which would warrant a preliminary injunction in this employment suit. I conclude that Plaintiff indeed has adequate legal remedies in this case. Accordingly, Plaintiff has not established that she will suffer an irreparable injury if no injunctive relief is granted. Since "'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary

injunction,'" I find no need to discuss the other elements of a preliminary injunction. *See, e.g., Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 299 (8th Cir. 1996) (citations omitted). Having failed to establish a preliminary injunction, Plaintiff's request for a permanent injunction is denied.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Preliminary and Permanent Injunction, filed June 15, 1999 *(Doc. 27)* is **denied**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Jane Gagne<br>Linda M. Vanzi<br>Vanzi & Gagne, P.C.<br>Albuquerque, New Mexico |
| Counsel for NMHU Defendants: | Judith C. Herrera<br>Nancy Ruth Long<br>Herrera, Long & Pound<br>Santa Fe, New Mexico<br><br>Susan O. Weckesser<br>NM Legal Bureau/RMD<br>Santa Fe, New Mexico<br><br>Timothy L. White<br>Atwood, Malone, Turner & Sabin<br>Albuquerque, New Mexico |
| Counsel for the Board: | Steven L. Bunch<br>NM Attorney General's Office<br>Santa Fe, New Mexico |