# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KATIE McDONOUGH, Ph.D.,

    Plaintiff,

    vs.                                      No. CIV 99-0126 JC/WWD

NEW MEXICO HIGHLANDS UNIVERSITY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Summary Judgment on Claim for Declaratory Judgment, filed October 21, 1999 *(Doc. 40)*. Specifically, Plaintiff requests summary judgment on Count IV of the First Amended Complaint Under 42 U.S.C. Section 1983, filed June 11, 1999 *(Doc. 26)*. Count IV seeks a declaratory judgment that 1978 NMSA, § 61-31-6(B)(5), as amended in 1996, of the New Mexico Social Work Practice Act is invalid, unconstitutional and void as applied to Plaintiff. As agreed by the parties, resolution of this motion for summary judgment will dispose of the case.

**I.**     **Background**

1978 NMSA, § 61-31-4, states that a social work license is required when one engages in social work practice or represents him or herself as a licensed social worker. "[A] person is practicing social work if he advertises, offers himself to practice, is employed in a position described as social work or holds out to the public or represents in any manner that he is licensed to practice social work in this state." 1978 NMSA, § 61-31-6(A).

> B. Social work practice means a professional service and emphasizes the use of specialized knowledge of social resources, social systems and human capabilities to effect change in human behavior, emotional responses and social conditions. Services may be rendered through direct assistance to individuals, couples, families, groups and community organizations. Social work practice focuses on both direct and indirect services to facilitate change on the intrapersonal, interpersonal and systemic levels. Areas of specialization that address these include but are not limited to the following: . . .
>
> (5) university social work faculty, which provides an equal quality of social work education in identified areas of content; prepares graduates to practice in a range of geographic areas with diverse populations; and establishes the foundation for practitioners' professional futures, exposing them to the best of current knowledge and developing in them the ability to continue questioning and learning, as well as an awareness of their responsibility to continue this professional development.

1978 NMSA, § 61-31-6(B).

Plaintiff, a tenured professor of social work at New Mexico Highlands University (NMHU), is not a licensed social worker. Moreover, Plaintiff is not eligible for licensure in New Mexico because she does not have either a bachelor's or master's degree in social work. Plaintiff, however, has a Ph.D. in social work. Plaintiff has taught mostly advance graduate level policy and research courses, not field and practice courses. Her student ratings and evaluations from peers and the administration have been both high and excellent.

In January 1997, the New Mexico Board of Social Work Examiners (Board) issued cease-and-desist letters to all faculty members at the NMHU's School of Social Work who did not hold New Mexico licenses to practice social work. In response to the cease-and-desist letters, the NMHU Defendants instructed the School of Social Work faculty to continue teaching their classes. The School of Social Work later met with the Board to communicate their position that only Social Work faculty who taught field and practice courses should be licensed. In February 1997, the Board decided that pending a formal hearing to promulgate a regulation on the issue, anyone with an

master's degree in social work (MSW) teaching social work courses must be licensed as a social worker and anyone without an MSW teaching social work courses cannot teach field and practice courses. Plaintiff continued to teach research and policy classes that year without any further problems.

In January 1998, the Board issued to Plaintiff another cease-and-desist letter for being an unlicensed School of Social Work faculty member and threatened criminal prosecution. A week or so later, however, Plaintiff was informed by the Board's legal counsel, Assistant Attorney General Sondra Frank, that the Board would not act on the cease-and-desist letters until it had "formalize[d] their interpretation of the Social Work Act by defining who within a university social work department must be licensed . . . through a promulgated Board rule." Exhibit F (attached to Memorandum in Support of Plaintiff's Motion for Preliminary and Permanent Injunction (Memo), filed June 15, 1999).

In June 1998, the NMHU Defendants did not process Plaintiff's faculty contract for the 1998-99 academic year because the Board was going to meet that month to address the issue of licensure of social work faculty. The Board, however, did not at that time promulgate any rules on the issue of licensing social work faculty. In August 1998, Plaintiff signed a contract with the NMHU Defendants for the 1998-99 academic year. That contract did not assign Plaintiff any teaching responsibilities at the School of Social Work. In fact, Plaintiff was forced to take a sabbatical in the spring semester. Plaintiff is currently on administrative leave with pay pending the resolution of this motion for summary judgment.

In November 1998, Judge Art Encinias issued an Order Denying Petition in state district court which stated that "[s]ection 61-31-6(B)(5) requires university social work faculty to be licensed" and

the Board "is not required to interpret the aforementioned statutory provision through any administrative rule or policy." Exhibit A (attached to Defendant New Mexico Highlands University, Selimo Rael, Glen W. Davidson, Ph.D. and Alfredo A. Garcia Ph.D.'s Response to Plaintiff's Motion for Preliminary and Permanent Injunction (NMHU Defendants' Response), filed July 20, 1999). Although the state court action did not involve Plaintiff, it is the only known state interpretation of § 61-31-6(B)(5). Also, the Board relied on Judge Encinias' order later that month to inform Defendant Dr. Garcia "that the current Social Work Practice Act states that all Social Work faculty members must be licensed." Exhibit B (attached to NMHU Defendants' Response).

> Ms. Frank in a December 1998 letter to Dr. Garcia reiterated that
>
> [T]he Board will enforce the Act against **any** unlicenced individual who is teaching in a social work department as the Act requires. . . . Any individual who is unlicensed and a social work faculty member is subject to action by the Board. In order to ensure that all faculty are aware of this, we will wait until the conclusion of the rule hearing to enforce this provision so that no further confusion will occur.

*Id*. In June 1999, Defendant Dr. Davidson testified at his deposition that he was going to recommend to the Board of Regents that Plaintiff be terminated from her employment because she has not met the Social Work Practice Act requirement of licensure. Exhibit L (attached to Memo).

**II.     Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321-23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue

for trial." FED. R. CIV. P. 56(e). In reviewing a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995). "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U. S. 574, 585-86 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. Discussion

Plaintiff argues that § 61-31-6(B)(5) is ambiguous and when properly construed does not require that university faculty teaching social work policy and research be licensed. Plaintiff goes on to argue that, alternatively, if § 61-31-6(B)(5) requires university faculty teaching social work policy and research to be licensed, that statutory provision is unconstitutional for violating the Contract and Due Process Clauses of the constitution. My analysis necessarily begins with the issue of whether § 61-31-6(B)(5) is ambiguous.

#### A. Is § 61-31-6(B)(5) Ambiguous?

The federal courts "are permitted to construe ambiguous state statutes and to extrapolate the true meaning of such statutes according to traditional rules of statutory construction, and then to judge the constitutionality of such statutes as so construed." *Phelps v. Hamilton*, 59 F.3d 1058, 1070

(10th Cir. 1995). "State rules of statutory construction should be applied by the federal courts in interpreting a state statute." *Id*. at 1071 n.23 (citation omitted). In New Mexico, interpretation of a provision is allowed only if there is "any doubt as to the meaning of the words." *New Mexico State Bd. of Ed. v. Board of Ed. of Alamogordo Public Sch. Dist. No. 1*, 95 N.M. 588, 590, 624 P.2d 530, 532 (1981). In other words, "an ambiguity exists where a provision is fairly susceptible of different constructions by reasonably intelligent men." *Id*. at 591, 624 P.2d at 533. A history of uncertainty of the meaning of a provision provides evidence of that provision's ambiguity. *Id*. Whether a statute is ambiguous is a question of law. *Id*. at 590, 624 P.2d at 532.

Section 61-31-6(B)(5) includes the phrase "an equal quality of social work education in identified areas of content." Nowhere in the statute or rules is either "equal quality of social work education" or "identified areas of content" defined. Moreover, according to Ms. Frank, the Board never came to a consensus on what "identified areas of content" means or whether to limit § 61-31-6(B)(5). Depo. by Sondra Frank at 27 and 60, Exhibit 3 (attached to Memorandum in Support of Plaintiff's Motion for Summary Judgement on Claim for Declaratory Judgment (Memo for Summary Judgment), filed October 21, 1999 *(Doc. 41))*. Ms. Frank admitted that "[t]he statute is a little bit confusingly written." *Id.* at 60. Ms. Frank further noted that the lawsuit before Judge Encinias was also "very confusingly written." *Id*. at 50. Indeed, the Board's decision not to enforce the cease-and-desist letters reflects its uncertainty on how to proceed in applying § 61-31-6(B)(5). Finally, even the current Board Chair, Michael Gaylor, has vacillated in his interpretation of § 61-31-6(B)(5). Depo. of Michael Gaylor at 41-42, 84-85, Exhibit 2 (attached to Memo for Summary Judgment); Aff. of Michael Gaylor, Exhibit 1 (attached to Memorandum of Law and Affidavit in Opposition to Plaintiff's Motion for Summary Judgment (Response to Motion for

Summary Judgment), filed October 27, 1999 *(Doc. 42))*. Under these circumstances, I find that as a matter of law § 61-31-6(B)(5) is ambiguous and so must be interpreted by this Court in order to determine its applicability to Plaintiff.

**B.     Interpretation of § 61-31-6(B)(5).**

Because practicing social work without a license when so required results in penal repercussions, § 61-31-6(B)(5) should be strictly construed in favor of Plaintiff. *See State ex rel. Stratton v. Roswell Independent Schs.*, 111 N.M. 495, 499, 806 P.2d 1085, 1089 (Ct. App. 1991) (citations omitted); 1978 NMSA, § 61-31-22 (violation of Social Work Practice Act is a misdemeanor). Of primary importance in interpreting a statutory provision is the intention of the legislature. *Id*. "A strict statutory construction standard ordinarily requires [the court] to determine the legislative intent primarily from the language used in the statute as a whole." *Id*. at 500, 806 P.2d at 1090. In addition to language, the court must also examine what the goal of the legislation is and the wrong that is to be remedied by the legislation. *Alamogordo Public Sch. Dist. No. 1*, 95 N.M. at 591, 624 P.2d at 533. In sum, "[l]egislative intent is to be given effect by adopting a construction which will not render the statute's application absurd or unreasonable and will not lead to injustice or contradiction." *Id*. (citation omitted).

The purpose of the Social Work Practice Act is "to safeguard the public health, safety and welfare of the people of New Mexico against the unregulated practice of social work." 1978 NMSA, § 61-31-2. In furtherance of this purpose, the Social Work Practice Act prohibits persons from misrepresenting to the public that they are licensed social workers when in fact they have not complied with the Social Work Practice Act. *See* 1978 NMSA, §§ 61-31-4(A), 61-31-5, 61-31-6(A). Prohibiting such misrepresentations to the public is an important "public health, safety

and welfare" goal because social work practice as defined by the Social Work Act involves "effect[ing] change in human behavior, emotional responses and social conditions . . . on the intrapersonal, interpersonal and systemic levels." 1978 NMSA, § 61-31-6(B).

After defining what social work practice entails, the Social Work Practice Act states that "[a]reas of specialization that address these include but are not limited to . . . university social work faculty, which provides an equal quality of social work education in identified areas of content." 1978 NMSA, § 61-31-6(B)(6). A plain reading of the words "[a]reas of specialization that address these include but are not limited to . . ." means that the listed items including university social work faculty are specialized areas of social work practice also subject to licensure requirements. *See* Depo. of Delfino Trujillo at 28, Exhibit 4 (attached to Memo for Summary Judgment); New Mexico Board of Social Work Examiners, Rules and Regulations at 10.1 (Areas of Specialization), Exhibit 6 (attached to Memo for Summary Judgment). The central issue in this case is whether the phrase "university social work faculty, which provides an equal quality of social work education in identified areas of content" covers all university social work faculty and so requires all university social work faculty to be licensed.

Apparently, university social work faculty teach subjects involving policy and research, and field and practice. The parties do not dispute that those faculty teaching field and practice should be licensed. After all, they are "effect[ing] change in human behavior, emotional responses and social conditions . . . on the intrapersonal, interpersonal and systemic levels" by guiding students in real life situations involving the public. *See* 1978 NMSA, § 61-31-6(B). However, can the same be said of faculty who teach only policy and research subjects? Such faculty, like Plaintiff, do not come into contact with the public for the purpose of providing social work services and Plaintiff, specifically,

has never represented to the public that she is a licensed social worker. I fail to see how requiring university faculty who teach only policy and research to be licensed "safeguard[s] the public health, safety and welfare of the people of New Mexico against the unregulated practice of social work. . . ." *See* 1978 NMSA, § 61-31-2. Moreover, the Council on Social Work Education does not require faculty to be licensed. Exhibit M (attached to Memo). Interpreting § 61-31-6(B)(6) to require licensure of all faculty, including those who only teach policy and research is simply unreasonable when one considers the purpose or legislative intent in enacting the Social Work Practice Act. Consequently, I find that a strict construction of § 61-31-6(B)(6) in Plaintiff's favor requires licensure for faculty who teach field and practice courses but not for those who teach only policy and research. Section 61-31-6(B)(6) does not, therefore, apply to Plaintiff.

## IV.    Conclusion

Since I find that § 61-31-6(B)(6) does not apply to Plaintiff--i.e., Plaintiff may continue teaching policy and research courses in social work without a New Mexico license in social work--there is no need to address Plaintiff's constitutional arguments. *See Plott v. Griffiths*, 938 F.2d 164, 167 (10th Cir. 1991) (preferred course is to decide case without reference to constitutional questions). Plaintiff is entitled to declaratory judgment that § 61-31-6(B)(6) is invalid as applied to her. Accordingly, Plaintiff's motion for summary judgment is well taken and will be granted.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment on Claim for Declaratory Judgment, filed October 21, 1999 *(Doc. 40),* is **granted**.

IT IS FURTHER ORDERED AND DECLARED that 1978 NMSA, § 61-31-6(B)(6) does not require that Plaintiff be a licensed social worker in order to teach social work policy and research at a New Mexico university.

DATED this 16th day of November, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Jane Gagne
    Linda M. Vanzi
    Vanzi & Gagne, P.C.
    Albuquerque, New Mexico

Counsel for Defendant Board:

    Bennett S. Cohn
    NM Attorney General's Office
    Santa Fe, New Mexico

Counsel for Remaining Defendants:

    Judith C. Herrera
    Nancy Ruth Long
    Herrera, Long & Pound
    Santa Fe, New Mexico

    Susan O. Weckesser
    NM Legal Bureau/RMD
    Santa Fe, New Mexico

    Timothy L. White
    Atwood, Malone, Turner & Sabin
    Albuquerque, New Mexico